UNITED STATES DISTRICT COURT   FILED
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DISCOVER BANK** | : | NO.: 3:10-CV-01595-**AVC**  |
| **Plaintiff** | | |
| v. | | |
| **KEYIN T. WORTH** | : | February 28, 2011 |
| **Defendant** | | |
| v. | | COUNTER CLAIM & THIRD PARTY COMPLAINT ~~COMPLAINT~~ (KTW) |
| **Jeanine M. Dumont** | : | |
| **Howard Lee Schiff PC** | | |
| **Does 1-10** | | |
| **Third Party Defendant** | : | TRIAL BY JURY DEMANDED ON ALL COUNTS |

## DEFENDANT'S COMPLAINT

The defendant, Keyin Worth, *("Worth"),* respectfully, in good faith and prayers, submitts her complaints (COUNTERCLAIMS and THIRD PARTY CLAIMS) against plaintiff and its agents, servants, attorneys and/or employees for violations of the Fair Debt Collection Practices Act.

### JURISDICTION

1. This action arises out of Third Party Defendants' repeated violations of the Fair Debt Collection practice Act, 15 U.S.C. § 1692, *et seq.* (**'FDCPA"**), and the invasions of *Worth's* personal privacy by the plaintiff, *("Discover")* and the third party defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the plaintiff and the third party defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

Page 1 of 6

14. On or around October 8, 2010, after realizing *Discover, Howard, Dumont*, and their agents have violated **FDCPA,** *Worth* removed the underlying claim to this honorable District Court.

15. After the removal of the underlying claim, *Howard* and *Dumont* continued and insisted upon to communicate to the Connecticut Waterbury Superior Court by sending letters to honorable Judges requesting special hearings and meetings to adjudicate the underlying claim.

16. During the motion proceedings, *Howard* and *Dumont* further, in their motions and letters to Judges, made false and fraudulent statements against *Worth's* knowledge in law and in representation to this honorable District Court.

17. During the course of proceedings, in another similar claim, *Howard* and *Dumont* and their agents have committed illegal trespass to *Worth's* private property.

18. Subsequently, *Howard* and *Dumont* filed Motion for Remand and is pending.

### B. Howard and Dumont Engage in Harassment and Abusive Tactics

18. During the whole time of the pleadings, *Howard* and *Dumont* failed to send *Worth* any collection notice seeking payment of debt of collection.

19. During the whole time of the proceedings, *Worth* disputed the validity of the debt.

20. Although *Howard and Dumont* forwarded statements of *Discover* but failed to obtain verification of the debt, under **FDCPT**, and send it to *Worth*.

21. *Howard* and *Dumont* filed suit on behalf of *Discover* in or around of May of 2010, and, again, on or around July 27, 2010, thereby continuing collection activities even though it had failed to obtain verification of the debt and send it to *Worth*.

22. To this date, *Howard* and *Dumont* failed to disclose their identities if as Holder in Dur Course for status.

### C. Defendant/Third Party Plaintiff Suffered Actual Damages

23. **Worth** has suffered and continues to suffer actual damages as a result of **Discover's, Howard's, Dumont's** and their agents' unlawful conduct.

24. As a direct consequence of **Discover's, Howard's, Dumont's** and their agents' acts, practices and conduct, **Worth** suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, defamations, and embarrassment.

25. **Discover's, Howard's, Dumont's** and their agents' conducts were so outrageous in character, and so extreme in degree, as to go beyond all possible hounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

26. **Worth** incorporates by reference all of the above paragraphs of this Complaint as fully stated herein.

27. **Discover's, Howard's, Dumont's** and their agents' conducts violated 15 U.S.C. § 1692e(10) in that they employed false and deceptive means to collect a debt.

28. **Discover's, Howard's, Dumont's** and their agents' conducts violated 15 U.S.C. § 1692G(B) in that they continued collection efforts even though they had failed to obtain verified debt and filed claim despite **Worth** rightfully disputed the validity of the debt.

29. The ongoing acts and omissions of **Discover's, Howard's, Dumont's** and their agents' constitute numerous and multiple violations of the **FDCPA**, including every one of the above-cited provisions.

30. **Worth** is entitled to damages as a result of **Discover's, Howard's, Dumont's** and their agents' violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

### Conn. Gen Stat. § 42-110a. et seq.

31. *Worth* incorporates by reference all of the above-cited provisions of this Complaint as fuly stated herein.

32. *Discover, Howard, Dumont* and their agents are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

33. *Discover, Howard, Dumont* and their agents engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of conn. Gen. Stat. § 42-110b(a).

34. *Worth* is entitled to damages as a result of *Discover's, Howard's, Dumont's* and their agents' violation.

### COUNT III
### COMMON LAW FRAUD

35. *Worth* incorporates by reference all of the above-cited provisions of this Complaint as fully stated herein.

36. *Discover's, Howard's, Dumont's* and their agents' acts, practices and conducts engaged in and complained of herein constitute fraud under the Common Law of the State of Connecticut.

37. *Worth* has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration, defamations and embarrassment caused by *Discover, Howard, Dumont* and their agents and the Collectors complained of here in were committed with malice, intent, wantonness, and recklessness, and as such, , *Discover, Howard, Dumont* and their agents are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendant/Third Party Plaintiff, *Worth*, prays that judgment be entered against the Plaintiff, *Discover*, and the Third Party Defendants, *Howard, Dumont* and their agents:

1. Actual damages pursuant to 15 U.S.C. § 1692(A)(1) against, *Discover, Howard, Dumont* and their agents;

2. Statutory damages of $1,000.00 for each party for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against *Discover, Howard, Dumont* and their agents;

3. Costs of litigations and productions of litigations pursuant to 15 U.S.C. § 1692k(a)(3) against *Discover, Howard, Dumont* and their agents;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from *Discover, Howard, Dumont* and their agents for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent **FDCPA** violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for *Worth*;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

DEFENDANT/THIRD PARTY PLAINTIFF,

_____
Keyin T. Worth, *Pro Se*