UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DISCOVER BANK | ) | CIVIL ACTION NO. 3:10-CV-01595 AVC |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEYIN WORTH | ) | |
| Defendant | ) | MARCH 18, 2011 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Plaintiff and Third Party Defendants submit the following Memorandum of Law in Support of its Motion for a Dismiss of this case:

### BACKGROUND

This is a simple collection action. Plaintiff is seeking to collect the sum of $17,656.75, the principal balance due on a credit card that was used by the defendant. Plaintiff commenced suit against defendant by service of process in *Discover Bank v. Keyin Worth*, Docket No. CV 10 6006654S in the Superior Court of the State of Connecticut, Judicial District of Waterbury. *See Complaint attached hereto as* **Exhibit A.**

There is no basis for removal of this action to this Court. The only allegations in this case are those of the plaintiff seeking to collect a credit card debt. There is no federal question presented, and there is no counterclaim by the defendant raising any federal question. Plaintiff therefore filed a Motion for Remand in this case on October 19, 2010.

Before the Motion for Remand was decided by this Court, defendant served a "Counterclaim and Third Party Complaint" dated February 28, 2011 purporting to allege "counterclaims" and "third party claims" against "plaintiff and its agents, servants attorneys

and/or employees for violations of the Fair Debt Collection Practices Act." *See Defendant's Complaint dated February 28, 2011 at 1.* The pleading claims that jurisdiction of these claims is proper under 28 U.S.C. §1367.

## ARGUMENT

Claims which do not implicate federal law or federal subject matter jurisdiction are not properly removed from a state court to a federal court. *Glatzer v. Bears Stearns & Co., Inc.* 201 Fed. Appx. 98, 99 (2d Cir. 2006), *citing Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) and *Grable & Sons Metal Prods., v. Darue Mfg.,* 545 U.S. 308, 314 (2005). The original action removed by defendant was not a case which would qualify for federal subject matter jurisdiction even if it had been originally brought in the United States District Court. 28 U.S.C. §1441; *Rivet v. Regions Bank of La.,* 522 U.S. 470-475 (1998); *Barbara v. New York Stock Exchange, Inc.,* 99 F.3d 49, 53 (2d. Cir. 1996). On its face, the complaint here was only one of state law, and therefore, it was not removal to this Court. The removal of this case to this Court was frivolous and intended only to unreasonably delay this case and the vindication of plaintiff's rights herein.

The "counterclaim" is specifically defective and must be dismissed. First, there is no basis for a claim against Discover Bank based upon the Fair Debt Collection Practices Act. Original creditors, such as Discover Bank, were *expressly exempted* from the provisions of this Act under the definition of "debt collector" found in 15 U.S.C. §1692a(6). Therefore, there is no valid basis for an FDCPA claim against plaintiff, even if this Court had subject matter

jurisdiction over these claims.

The remaining claims are state law causes of action under the Connecticut Unfair Trade Practices Act ["CUTPA"] and for common law "fraud." Again, this Court has no jurisdiction over such claims because there is no federal subject matter jurisdiction. Moreover, since the original complaint was improperly removed to federal court, the entire case must, including any counterclaims must be remanded to state court given that they lack an independent basis for federal jurisdiction.

As to the "third party complaints" by Ms. Worth, these are also improper and must be dismissed. 28 U.S.C. §1367 prohibits supplemental jurisdiction over such actions:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Defendant claims that this Court may exercise supplemental jurisdiction over these claims, but in fact, the Court cannot do so in light of the fact that this Court had no jurisdiction over the original complaint.

    WHEREFORE, plaintiff prays that this Court grant this Motion to Dismiss.

    PLAINTIFF, DISCOVER BANK and THIRD PARTY DEFENDANTS, LAW OFFICES HOWARD LEE SCHIFF P.C., and JEANINE M. DUMONT

/S/*Jeanine M. Dumont*
Jeanine M. Dumont, Ct05021
Law Offices Howard Lee Schiff PC
Its Attorneys
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

**CERTIFICATION OF SERVICE**
I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on MARCH 18, 2011 to the following counsel of record:

**DEFENDANT:**
KEYIN WORTH
11 VILLAGE DRIVE
WOLCOTT, CT 06716

/s/*Jeanine M. Dumont*
Jeanine M. Dumont

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

```
RET: JUNE 01, 2010                    : SUPERIOR COURT
                                      : JD OF WATERBURY
DISCOVER BANK
C/O DFS SERVICES LLC
VS.                                   : AT WATERBURY

KEYIN T WORTH                         : April 14, 2010
```

## COMPLAINT

1. On or before FEBRUARY 11, 2010 the defendant became indebted to the plaintiff in the sum of $17,656.75 for charges and/or cash advances incurred on defendant's credit account.

2. Despite demand, the balance of $17,656.75 remains wholly unpaid and the defendant has failed and continues to fail to make payment.

3. Provisions of the credit agreement between the parties provide for contractual interest on any unpaid balance.

4. Provisions of the credit agreement between the parties provide for a reasonable attorney's fee in the event that the defendant should default in payment and the matter proceed to litigation.

# EXHIBIT A

NOTICE IS HEREBY GIVEN to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in plaintiff's favor in this action from any debt accruing to the defendant by reason of the defendant's personal services.

2

STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest, or property in demand, exclusive of interest and costs, is greater than $15,000.00. The remedy sought is based upon an express or implied promise to pay a definite sum.

BZ

THE PLAINTIFF CLAIMS:

1. Money damages;

2. Contractual interest;

3. Attorney's fees;

4. Costs of suit; and

5. Post judgment statutory interest pursuant to C.G.S. Sec. 37-3a and Sec. 52-356d(e).

Dated at East Hartford, Connecticut April 14, 2010.

_____
Stephen A. Wiener, Esq.
Law Offices Howard Lee Schiff, P.C.
Juris No. 419040
510 Tolland Street
POB 280245
E Hartford CT  06128-0245
(860) 528-9991


THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

BC
CN-T77566