UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2011 SEP 29 P 3:05
US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| DISCOVER BANK | : | |
| plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 3:10-CV-01595 AVC |
| | : | |
| KEYIN WORTH | : | |
| defendant. | : | |

**RULING ON THE PLAINTIFF'S MOTION TO DISMISS AND REMAND**

This is a debt collection action in which the plaintiff, Discover Bank (hereinafter "Discover"), argues that the defendant/third party plaintiff, Keyin Worth, owes Discover $17,656.75. In response, the defendant filed a three count counterclaim and third party complaint pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, C.G.S § 42-110a, and state common law tenets concerning fraud against Discover, John Does (1-10), attorney Howard Lee Schiff P.C and attorney Jeanine M. Dumont (hereinafter, collectively "the third party defendants").[1]

---

[1] Discover originally filed this action in state court and on October 8, 2010, Worth filed a notice of removal in this court. Discover, in response, filed a motion to remand the action back to state court. Worth thereafter filed a counterclaim and third party complaint and the defendants filed the within motion to dismiss.

1

The issue is whether the Worth's counter-claim states a cause of action under FDCPA and, if not, whether the case should be remanded to state court.

For the reasons that hereinafter follow, the motions to dismiss and remand are DENIED.

## FACTS

An examination of the record discloses the following:

On July 27, 2010, the plaintiff, Discover Bank, filed a complaint in the superior court of Waterbury alleging that the defendant, Keyin Worth, had become indebted to Discover and failed to make payments despite demand. The complaint sought damages, interest, attorney's fees, costs of the suit, and post judgment statutory interest.

On October 8, 2010, Worth filed notice of removal to the United States District Court for the District of Connecticut.

On October 19, 2010, Discover filed a motion to remand the case back to the state court, arguing that: 1) Worth mistakenly filed her petition for removal in a prior case between the parties that the state court dismissed, 2) removal was untimely, and 3) the complaint does not raise federal questions.

On February 28, 2011, Worth filed an answer, third party complaint against John Does (1-10), Schiff and Dumont, and

counter-claims.  In her counterclaims, Worth alleges violation of the FDCPA, CUTPA and common law fraud.

The defendants subsequently filed a motion to dismiss Worth's counter-claim and third party complaint.  Specifically Discover's motion alleges, "[o]riginal creditors, such as Discover Bank, were expressly exempted from the provisions of this Act [FDCPA] under the definition of 'debt collector' found in 15 U.S.C. §1692a(6)."  The motion also alleges that without the federal counter-claim, all of the remaining causes of action arise under Connecticut state law and, therefore, the district courts lack subject matter jurisdiction and should not exercise supplemental jurisdiction over the state law claims.

## STANDARD

The court must grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if a plaintiff fails to establish a claim upon which relief may be granted.  Such a motion "assess[es] the legal feasibility of the complaint, [it does] not . . . assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 784 F.2d 774, 779 (2d Cir. 1984).  When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the

counter-claims.  In her counterclaims, Worth alleges violation of the FDCPA, CUTPA and common law fraud.

The defendants subsequently filed a motion to dismiss Worth's counter-claim and third party complaint.  Specifically Discover's motion alleges, "[o]riginal creditors, such as Discover Bank, were expressly exempted from the provisions of this Act [FDCPA] under the definition of 'debt collector' found in 15 U.S.C. §1692a(6)."  The motion also alleges that without the federal counter-claim, all of the remaining causes of action arise under Connecticut state law and, therefore, the district courts lack subject matter jurisdiction and should not exercise supplemental jurisdiction over the state law claims.

## STANDARD

The court must grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if a plaintiff fails to establish a claim upon which relief may be granted.  Such a motion "assess[es] the legal feasibility of the complaint, [it does] not . . . assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 784 F.2d 774, 779 (2d Cir. 1984).  When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the

counter-claims.  In her counterclaims, Worth alleges violation of the FDCPA, CUTPA and common law fraud.

The defendants subsequently filed a motion to dismiss Worth's counter-claim and third party complaint.  Specifically Discover's motion alleges, "[o]riginal creditors, such as Discover Bank, were expressly exempted from the provisions of this Act [FDCPA] under the definition of 'debt collector' found in 15 U.S.C. §1692a(6)."  The motion also alleges that without the federal counter-claim, all of the remaining causes of action arise under Connecticut state law and, therefore, the district courts lack subject matter jurisdiction and should not exercise supplemental jurisdiction over the state law claims.

## STANDARD

The court must grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if a plaintiff fails to establish a claim upon which relief may be granted.  Such a motion "assess[es] the legal feasibility of the complaint, [it does] not . . . assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 784 F.2d 774, 779 (2d Cir. 1984).  When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the

plaintiff. Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). The issue at this juncture is not whether the plaintiff will prevail but whether he should have the opportunity to prove his claim. See Conley v. Gibson, 355 U.S. 41, 45 (1957). In order to withstand a motion to dismiss, the complaint must allege "enough facts to state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); Patance v. Clark, 508 F.3d 106, 111-112 (2d Cir. 2007). The second circuit has held that the Twombly standard is not limited to antitrust cases and the Supreme Court requires "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In its review of a 12(b)(6) motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## **DISCUSSION**

Discover argues that "there is no basis for a claim against Discover Bank based upon the Fair Debt collection Practices Act." Specifically, Discover argues that "creditors, such as

4

Discover Bank, were *expressly exempted* from the provisions of this Act under the definition of 'debt collector' found in 15 U.S.C. § 1692a(6). Therefore, there is no valid basis for an FDCPA claim against plaintiff . . . ." Discover and the third party defendants also argue that third party complaints are not proper and that "28 U.S.C. § 1367 prohibits supplemental jurisdiction over such actions."

Worth responds that Discover qualifies as a debt collector under the FDCPA. Specifically, Worth's opposition alleges that, on the face of the complaint, "'THIS COMMUNICATION IS FROM A DEBT COLLECTOR' was displayed" and that "Discover provides neither affidavit nor validation of its position as a creditor but labeled itself as a 'Debt Collector' . . . therefore, Discover must be a collector by labeling itself so at the end of the complaint." Worth also responds that this court has supplemental jurisdiction over the counterclaim and third party complaint because they involve the "same case or controversy," as the underlying complaint.

Title 15 of the United States Code, section 1692a(6), provides, in relevant part, that the term "debt collector" is defined as, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who

5

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Moreover, "[t]he term 'debt collector' . . . does not include . . . (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person." Id.

Although the statute expressly excludes creditors from its definition of a "debt collector," at this stage of the pleadings, the court must take the allegations of the complaint as true. The original complaint in this case stated that the pleading was a "communication . . . from a debt collector." Although this statement may not ultimately suffice to bring the defendants into the statutory definition of a "debt collector," the court concludes that, at this stage of the pleadings, the complaint and counterclaim/third party complaint, state a basis for federal subject matter jurisdiction. The issue is more appropriately decided at the close of discovery and after consideration of facts with respect to the defendants' status as debt collectors, as that term is defined in 15 U.S.C. § 1692a(6). The court also concludes that the allegations in the counterclaim and third party complaint are properly before this

court as they contain facts that are part of the same case or controversy as the underlying claim.

## CONCLUSION

For the foregoing reasons, the motion to dismiss (document no. 27) and the motion to remand (document no. 12) are **DENIED**. It is so ordered this 28th day of September, 2011 at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
Alfred V. Covello,
United States District Judge